# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1289V

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ALFRED ANDERSON, | |
| | Special Master Corcoran |
| Petitioner, | |
| | Filed: April 12, 2017 |
| v. | Decision; Attorney's Fees and Costs. |
| | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Alison H. Haskins,* Maglio, Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Linda S. Renzi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On October 30, 2015, Alfred Anderson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of his December 9, 2014, receipt of the influenza vaccine. The parties eventually filed a stipulation for damages on November 28, 2016 (ECF No. 23), which I adopted by decision, dated November 29, 2016. ECF No. 24.

---

[1] This decision will be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 7, 2017. *See* ECF No. 29 (Ex. 26) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $45,212.81 (representing $43,006.20 in attorney's fees, plus $2,206.61 in costs). Fees App. at 1-2. Additionally, and in accordance with General Order No. 9, Petitioner represents that he incurred personal costs in the amount of $39.93. *Id.* at 2; ECF No. 29-3 (Ex. 28). Respondent reacted to the motion on April 11, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 30 at 2.

Petitioner requests that the attorney who worked on this matter, Alison Haskins, be compensated at a rate of $300 per hour for work performed in 2015; $324 per hour for work performed in 2016; and $348 per hour for work performed in 2017. Fees App. at 18. He also requests that various paralegals who worked on this matter be awarded rates ranging from $105 per hour to $145 per hour. *Id.*

I have previously determined that the Maglio, Christopher & Toale firm is entitled to the forum rate ranges as set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *See Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). The rates Petitioner requests for attorney and paralegal work herein are consistent with the *McCulloch* rate ranges and with the rates previously awarded in other Program cases to Ms. Haskins and/or similarly-situated attorneys. *See, e.g.*, *Bitticks v. Sec'y of Health & Human Servs.*, No. 15-864V, 2017 WL 476687 (Fed. Cl. Spec. Mstr. Jan. 10, 2017); *Jackson v. Sec'y of Health & Human Servs.*, No. 14-973V, 2016 WL 5799721 (Fed. Cl. Spec. Mstr. Sept. 7, 2016); *Ferguson v. Sec'y of Health & Human Servs.*, No. 14-975V, 2016 WL 4140949 (Fed. Cl. Spec. Mstr. July 11, 2016).[3] Therefore, I find these requested hourly rates to be appropriate.

The majority of the time expended on this matter (178 hours in total) also appears to be reasonable. Fees App. at 18. Petitioner is entitled to fees in a prevailing matter, and the length of time spent on this matter was largely attributable to complex issues in calculating and preparing Petitioner's damages demand in order to resolve the case. As Respondent does not raise any particular objections, I will compensate counsel for all 178 hours devoted to the matter.

Petitioner additionally requests an award of litigation costs for counsel of $2,206.61, reflecting payments for medical records, postage fees, and the filing fee. ECF No. 29-2 (Ex. 27) at

---

[3] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. This forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

1-2. Respondent has offered no objection to these costs, and I find that they were warranted. And I will also award the $39.93 in expenses incurred exclusively by Mr. Anderson.

Accordingly, based on the reasonableness of Petitioner's request, I hereby GRANT Petitioner's Motion for attorney's fees and costs. An award of $45,212.81 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Alison H. Haskins, Esq. An award of $39.93 should be paid separately to Alfred Anderson. Payment of these amounts represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.